PROB 12C
(6/16)

Report Date: June 23, 2021

# United States District Court

### for the

### Eastern District of Washington

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jun 23, 2021

SEAN F. McAVOY, CLERK

## Petition for Warrant or Summons for Offender Under Supervision

Name of Offender: Earl Anderson, III                Case Number: 0980 2:16CR00037-TOR-1

Address of Offender: Unknown

Name of Sentencing Judicial Officer:  The Honorable Thomas O. Rice, U.S. District Judge

Date of Original Sentence: September 7, 2016

| | | |
|---|---|---|
| Original Offense: | Failure to Register, 18 U.S.C. § 2250 | |
| Original Sentence: | Prison - 30 months<br>TSR - 60 months | Type of Supervision: Supervised Release |
| Revocation Sentence:<br>(May 2, 2019) | Prison - 6 months<br>TSR - 48 months | |
| Revocation Sentence<br>(November 3, 2020) | Prison - 8 months<br>TSR - 36 months | |
| Asst. U.S. Attorney: | Patrick J. Cashman | Date Supervision Commenced: June 11, 2021 |
| Defense Attorney: | Katherine Westerman | Date Supervision Expires: June 10, 2024 |

## PETITIONING THE COURT

To issue a **warrant.**

The probation officer believes that the offender has violated the following condition(s) of supervision:

Violation Number        Nature of Noncompliance

1              **Standard Condition # 5**: You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 calendar days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.

              **Supporting Evidence**: It is alleged that Mr. Anderson violated the terms of his supervised release as he failed to notify the supervising probation officer of a change in residence since June 17, 2021.

              On November 3, 2020, a revocation of supervised release hearing was held. Mr. Anderson's supervision was revoked and he was made aware of his mandatory, standard, and special conditions.

Prob12C
**Re: Anderson, III, Earl**
**June 23, 2021**
**Page 2**

Mr. Anderson released from the custody of the Bureau of Prisons (BOP) on June 11, 2021. On that same day, Mr. Anderson attempted to enter the Spokane Residential Reentry Center (RRC) as a condition of his supervised release. RRC staff would not allow Mr. Anderson to enter the RRC at that time as he had a 101.9 degree temperature. He was asked to get a COVID-19 test and to contact the undersigned officer.

On June 14, 2021, Mr. Anderson contacted the undersigned officer and reported he was staying at the Ramada Inn in room 303. He was directed to obtain a COVID-19 test so another placement at the RRC could be sought.

On June 16, 2021, the undersigned officer met with Mr. Anderson at the Ramada Inn to verify his address. Mr. Anderson disclosed to the undersigned officer that he would be checking out of the hotel on Friday, June 18, 2021. The undersigned advised Mr. Anderson when he did in fact check out, he needed to contact this officer to report where he would be staying.

On June 21, 2021, the undersigned officer contacted the Ramada Inn. Staff disclosed that Mr. Anderson had checked out of the hotel on Thursday, June 17, 2021, and was no longer a tenant at their facility. At this time, Mr. Anderson has failed to report his living arrangements with this officer and his current whereabouts are unknown. Several attempts to contact Mr. Anderson via cellular telephone have been unsuccessful, and the messages left have gone unanswered.

2      **Standard Condition # 13**: You must follow the instructions of the probation officer related to the conditions of supervision.

**Supporting Evidence**: It is alleged that Mr. Anderson has violated his conditions of supervised release by failing to contact the undersigned officer as directed on June 19 and 21, 2021.

On November 3, 2020, a revocation of supervised release hearing was held. Mr. Anderson's supervision was revoked and he was made aware of his mandatory, standard, and special conditions.

On June 19, 2021, this officer attempted to reach out to Mr. Anderson by telephone to get an update on his whereabouts, as he had previously told this officer he had to check out of the hotel where he was staying. At 6:30 p.m., voice mail and text messages were left on his cellular telephone of record directing him to call the undersigned.

On June 20, 2021, another attempt to contact Mr. Anderson was unsuccessful.

On June 21, 2021, another attempt to contact Mr. Anderson by telephone was initiated. He did not answer. Another voice mail and text message were left directing Mr. Anderson to contact this officer.

Mr. Anderson has not returned any of the messages left by the undersigned officer.

Prob12C
**Re: Anderson, III, Earl**
**June 23, 2021**
**Page 3**

| | | |
|---|---|---|
| 3 | | **Special Condition # 2**: You must reside in a residential reentry center (RRC) for a period up to 180 days at the direction of the supervising officer. Your participation in the programs offered by the RRC is limited to employment, education, treatment, and religious services at the direction of the supervising officer. The defendant must abide by the rules and requirements of the facility. |

**Supporting Evidence**: It is alleged that Mr. Anderson violated his conditions of supervised release by failing to enter the RRC as directed on June 22, 2021.

On November 3, 2020, a revocation of supervised release hearing was held. Mr. Anderson's supervision was revoked and he was made aware of his mandatory, standard, and special conditions

As noted in violation number 1, Mr. Anderson released from BOP custody on June 11, 2021, and commenced supervised release. He was directed to begin his public law placement on that same day at the RRC. Upon his arrival at the RRC, he provided a 101.9 degree temperature and was not allowed to enter the RRC at that time. He was directed to get a COVID-19 test.

On June 14, 2021, Mr. Anderson contacted the undersigned officer. He was directed to obtain a COVID-19 test so he could reenter the RRC. He agreed to do so.

The undersigned officer submitted another referral for RRC placement and received confirmation Mr. Anderson could enter the RRC on June 22, 2021.

On June 16, 2021, the undersigned officer met with Mr. Anderson. He was advised of his new RRC placement date for June 22, 2021, and directed to report there on that date. He was asked about COVID-19 testing and he stated he had not yet been tested. He was reminded again that he needed to secure a COVID-19 test prior to his entry into the RRC.

On June 23, 2021, RRC staff notified the undersigned officer that Mr. Anderson did not report to the RRC as directed. Mr. Anderson's whereabouts are unknown.

The U.S. Probation Office respectfully recommends the Court issue a warrant requiring the offender to appear to answer to the allegation(s) contained in this petition.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on:    06/23/2021

s/Corey M. McCain

Corey M. McCain
U.S. Probation Officer

Prob12C
**Re: Anderson, III, Earl**
**June 23, 2021**
**Page 4**

THE COURT ORDERS

[ ]  No Action
[X]  The Issuance of a Warrant
[ ]  The Issuance of a Summons
[ ]  Other

_____
Thomas O. Rice
United States District Judge
June 23, 2021
_____
Date